IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SNOWCAP, LTD.,

     Appellant,

vs.                                                                        Civ. No. 98-424 JC/LCS
                                                                           Adv. No. 96-1268 R

CLIFFORD R. SINCLAIR, et al.,

     Appellees.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

1.  This matter comes before the Court upon Appellant's (Snowcap) Notice of Appeal,

filed April 9, 1998.  Snowcap raises the following issues on appeal:

    a).  Whether the Bankruptcy Court must abstain from further action in this adversary
    proceeding; and

    b).  Whether, in the alternative, if this Court decides that mandatory abstention is not
    warranted, whether the Bankruptcy Court should exercise discretionary abstention from
    further action in this adversary proceeding.

Unless the Bankruptcy Court's factual findings are clearly erroneous, this Court accepts those

factual findings as true.  **In re Davidson Lumber Sales, Inc.**, 66 F.3d 1560, 1563 (10th Cir.

1995).  Conclusions of law are reviewed *de novo*.  **Id**.

A.  Mandatory Abstention: 28 U.S.C. §1334(c)(2)

2.  The issue of mandatory abstention turns upon a jurisdictional question and is,

therefore, a question of law subject to *de novo* review. **See, e.g., In re DeLorean Motor Co.**,

155 B.R. 521, 524 (9th Cir. BAP 1993).  The elements of the mandatory abstention provision in

1

28 U.S.C. §1334(c)(2) are as follows: 1) the motion to abstain must be timely filed; 2) the state or foreign proceeding must be based upon state law; 3) the state or foreign proceeding must be related to a Title 11 case but not arise under Title 11 or arise in a case under Title 11; 4) the state or foreign proceeding could not have been commenced in federal court absent bankruptcy jurisdiction; and 5) state or foreign court should be able to adjudicate the proceeding in a timely manner. **In re Clayter**, 174 B.R. 134, 141-43 (Bankr. D. Kan. 1994). The Court must keep in mind that use of the abstention provision is the exception rather than the rule. **See, e.g., In re Mills**, 163 B.R. 198, 202 (Bankr. D. Kan . 1994); **In re Wicecarver**, 110 B.R. 957, 960 (Bankr. D. Kan. 1990).

3. The first issue under §1334(c)(2) is that of the timeliness of Snowcap's motion for abstention. Snowcap filed its motion for abstention about fifteen months after filing its answer in this cause and commencing the British Virgin Island (BVI) suit. In effect, Snowcap waited until there was a final trial setting in the BVI proceedings before filing its motion for abstention. A motion for abstention is timely filed when the party seeking abstention "moves as soon as possible after he or she should have learned the grounds for such a motion." **In re Novak**, 116 B.R. 626, 628 (N.D. Ill. 1990)(quoted in **In re Midgard Corp.**, 204 B.R. 764, 776 (10th Cir. BAP 1997)). At least one court has held that waiting over a year after having answered a complaint to file a motion for abstention is untimely. **In re Novak**, 116 B.R. at 628. In this case, Snowcap knew about the bankruptcy suit at the time it filed its BVI suit. Snowcap should have been aware of possible grounds for abstention at that time. I find, therefore, that waiting fifteen months after commencing the BVI suit to file the motion for abstention constitutes an untimely filing for mandatory abstention purposes.

4.  The next issue concerns the §1334(c)(2) requirement that the case not arise under title 11. "The phrase 'arising under title 11' describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11." **In re Markos Gurnee Partnership**, 182 B.R. 211, 220 (Bankr. N.D. Ill. 1995).  In other words, proceedings such as core proceedings are not subject to mandatory abstention.  **In re Hillsborough Holdings Corp.**, 123 B.R. 1004, 1010 (Bankr. M.D. Fla.), **aff'd by** 123 B.R. 1018 (M.D. Fla. 1990).  In this case, the adversary proceeding is based on turnover and fraudulent conveyance causes of action. Turnover and fraudulent conveyance claims are created and recognized by 11 U.S.C. §§542 and 544, respectively.  Moreover, turnover and fraudulent conveyance claims are listed as the subject of core proceedings under 28 U.S.C. §157(b)(2)(E) and (H), respectively.  Under these circumstances, it is clear that this case "arises under title 11" and so is not subject to mandatory abstention.  For the above reasons, I find that the Bankruptcy Court did not err by denying Snowcap's request for mandatory abstention.

B.  Discretionary Abstention: 28 U.S.C. §1334(c)(1)

5.  An abuse of discretion standard of review is used when examining a bankruptcy court's decision to deny a motion for abstention.  **See, e.g., In re Eastport Associates**, 935 F.2d 1071, 1075 (9th Cir. 1991).  Although this is a deferential standard, this Court must conduct a "'meaningful review'" of the Bankruptcy Court's decision. **See Matter of Chicago, Milwaukee, St. Paul and Pacific R.R. Co.**, 6 F.3d 1184, 1188 (7th Cir. 1993)(**quoting Wilfong v. United States**, 991 F.2d 359, 364 (7th Cir.1993)).  In conducting this review, this Court must continue to keep in mind that abstention is the exception rather than the rule. **Id.**

3

6.  The Bankruptcy Court may "in the interest of justice, or in the interest of comity with State courts or respect for State law [abstain] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."  28 U.S.C. §1334(c)(1).  Factors to consider in deciding whether discretionary abstention is appropriate include:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. §1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy judge's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

**In re Krug**, 172 B.R. 79, 82 (Bankr. D. Kan. 1994)(quoting **In re Republic Reader's Service, Inc.,** 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987)).  **See also In re Mills**, 163 B.R. at 202.  Courts have also examined the elements of the mandatory abstention provision as a guide to deciding whether discretionary abstention should be employed.  **See, e.g., In re Clayter**, 174 B.R. at 141; **Board of Directors, Olathe Pub. Library v. Century Office Products, Inc.**, 164 B.R. 399, 341 (D. Kan. 1994); **In re Rarick**, 132 B.R. 47, 51 (D. Colo. 1991).   The following is a discussion of the aforementioned discretionary abstention factors.

(1) The effect or lack thereof on the efficient administration of the estate if abstention is recommended.

7.  Snowcap argues first that a decision from the BVI court will decide the question of whether the BVI trust is part of the bankruptcy estate.  Accordingly, Snowcap believes that

abiding by the BVI decision will avoid duplicating effort by the Bankruptcy Court in addressing the bankruptcy estate issue and possibly avoid a contrary decision by the Bankruptcy Court. The Appellees, however, contend that waiting for a BVI decision will only cause unwarranted delay in the administration of the bankruptcy estate.  I find that the above pros and cons concerning the effect of abstention on the efficient administration of the bankruptcy estate cancel each other out. Therefore, no one party prevails on this first consideration regarding discretionary abstention.

(2) The extent to which state or foreign law issues predominate over bankruptcy issues.

8.  Next, Snowcap asserts that BVI law determines whether the debtors have a property interest in the BVI trust.  **See, e.g., Barnhill v. Johnson**, 503 U.S. 393, 398 (1992)(generally use state law to determine property interests).  Snowcap goes on to reiterate that the answer to the question of property interest is determinative of whether the trust is part of the bankruptcy estate. The Appellees argue that "the abstention provision should not be invoked just because some of the issues are based on state [or foreign] law."  **In re Hillsborough**, 123 B.R. at 1010.  In fact, "[b]ankruptcy courts must retain the traditional and long-established undisputed power to resolve the claims [regarding] the estate, even if they are based on state [or foreign] law, if the bankruptcy system is to survive and function effectively."  **Id**.  I agree with the Appellees.  The BVI issues do not predominate over the basic bankruptcy issue of whether the trust belongs in the bankruptcy estate.

(3) The difficulty or unsettled nature of the applicable law.

9.  Although the extent of the BVI proceedings in this particular case seem to indicate that novel or difficult issues have been raised, Snowcap concedes that there is nothing difficult or unsettled about the BVI law. Snowcap, however, contends that the Bankruptcy Court application

of BVI law will violate the trust's choice of forum provision.  Snowcap also notes that it is more difficult to apply foreign law than it is to apply one's own law.  The Appellees respond by indicating that BVI law is indeed simple and settled.  Since the third factor only assesses the difficulty or unsettled nature of the applicable law, I find that Snowcap has not persuaded the Court that BVI law is actually difficult and unsettled.

(4) The presence of a related proceeding commenced in state court or other non-bankruptcy court.

10.  It is undisputed that there is a pending proceeding in the BVI awaiting a decision from the High Court of Justice.  It is also undisputed that turnover issues are presented in the BVI proceeding.  Snowcap goes further by alleging that the fraudulent conveyance action should be prosecuted in the BVI pursuant to the forum selection and choice of law provision of the BVI trust.  The Appellees contend that the BVI proceeding, however, does not involve the same issues that are before the Bankruptcy Court because the BVI proceeding does not include the fraudulent conveyance issues.  Moreover, Appellees note that the parties are different in the BVI proceeding than in the adversary proceeding.  The above arguments lead me to conclude that the BVI proceeding is only partially related to the adversary proceeding.

(5) The jurisdictional basis, if any, other than 28 U.S.C. §1334; and
(6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.

11.  Snowcap and the Appellees agree that there is no other jurisdictional basis other than 28 U.S.C. §1334.  Snowcap, however, argues that the BVI proceeding has the potential of resolving the adversary proceeding.  As noted, **supra**, the BVI proceeding is related only to the turnover issues, not the fraudulent conveyance issues.  Furthermore, once the BVI proceeding is

resolved, the core proceedings of turnover and fraudulent conveyance must still be addressed by the Bankruptcy Court.  Consequently, I find that the BVI proceeding is not closely related to the main bankruptcy case.

(7) The substance rather than form of an asserted core proceeding.

12.  Snowcap also argues that the turnover and fraudulent conveyance actions are not in substance core proceedings.  Snowcap asserts that the fraudulent conveyance action is a sham because pursuant to 11 U.S.C. §548 (a) the alleged fraudulent transfer must have occurred within one year before the bankruptcy petition was filed. Snowcap further contends that the turnover action is really a fraudulent conveyance action and so is also time barred. Whether the fraudulent action is time barred is part and parcel of the core proceeding which determines if a fraudulent conveyance occurred as defined by the law.  As to the turnover action, the First Amended Complaint for Turnover of Property and Avoidance of Fraudulent Transfers (First Amended Complaint) bases the turnover count on the revocable nature of the BVI trust and in the alternative, alleges that the trust was a sham to defraud creditors.  RA 60 at 8-9 (Supp. Vol. 1). The language of the First Amended Complaint simply does not dictate a finding that the turnover action is only a restatement of the fraudulent conveyance action.  Accordingly, I find that as discussed, **supra**, the turnover action is a core proceeding.

(8) The feasibility of severing state or foreign law claims from core bankruptcy matters to allow judgments to be entered in state or foreign court with enforcement left to the Bankruptcy Court.

13.  Snowcap argues next that it is feasible to sever the BVI claims from the adversary proceeding and allow judgment to be entered in the BVI with enforcement left to the Bankruptcy Court.  The Appellees assert that severance of the BVI issues would be inefficient because the

7

other issues involved in the adversary proceeding are already before the Bankruptcy Court for resolution. This assertion does not address the issue of enforcement.  I see no reason why the Bankruptcy Court would not enforce a judgment entered by the BVI if the BVI issues were severed from the adversary proceeding.

(9) The burden of the Bankruptcy Court's docket.

14.   Snowcap contends that the burden on the Bankruptcy Court to hear the BVI issues is great.  Besides the generally full docket of the Bankruptcy Court, Snowcap believes that a visiting judge would have to hear the adversary proceeding.  The Appellees argue that from an efficiency viewpoint, the Bankruptcy Court already has before it the adversary proceeding issues.  In fact, the Appellees assert that waiting for the BVI to rule would only delay matters in the Bankruptcy Court.  I agree with the Appellees.  I find that the burden on the Bankruptcy Court is not necessarily lightened by granting the motion for abstention.

(10) The likelihood that the commencement of the proceeding in Bankruptcy Court involves forum shopping by one of the parties.

15.   Next, Snowcap argues that it is likely that the F.D.I.C., a creditor, was involved in forum shopping when it abandoned its constructive trust claim in a Texas civil court and had the Bankruptcy Trustee bring the allegedly time-barred fraudulent conveyance claim in this bankruptcy case.  The Appellees assert that the fraudulent conveyance claim was brought in Bankruptcy Court because that Court has jurisdiction over the claim. The fraudulent conveyance claim is a core proceeding matter notwithstanding whether it is time-barred. **See, supra**. Snowcap has not provided this Court with any convincing evidence that the Bankruptcy Trustee engaged in forum shopping as opposed to filing a claim because it is a core proceeding type claim.

(11) The existence of a jury trial; and

(12) the presence in the proceedings of nondebtor parties.

16.  There is no request for a jury trial in either the adversary proceeding or in the BVI proceeding.  The questions at issue are questions of law only.  Moreover, there are nondebtor parties in both the adversary proceeding and the BVI proceeding.

Conclusion

When considered as a whole, the above discretionary abstention factors lead me to conclude that abstention is not warranted in this particular case. Moreover, the untimely nature of the motion for abstention militates against abstention.  I, therefore, find that the Bankruptcy Court did not abuse its discretion by denying Snowcap's motion for abstention. Consequently, the Bankruptcy Court's decision should be affirmed.

Recommended Disposition

I recommend affirming the Bankruptcy Court's decision to deny Snowcap's motion for abstention.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

9